FILED '10 JUN 17 16:40 USDC-ORE

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 10-60066-HO |
| | ) | |
| Plaintiff | ) | **INDICTMENT** |
| v. | ) | |
| | ) | [18 U.S.C. §§ 2, 111(a) and (b), 844(f), |
| STEVEN DWIGHT HAMMOND and | ) | 844(h), 844(i), 844(n), 1361, 1512(b); |
| DWIGHT LINCOLN HAMMOND, JR. | ) | 49 U.S.C. § 46306(b)(7); and 14 CFR §§ |
| | ) | 61.3(c) and 91.137(c)] |
| | ) | |
| Defendants. | ) | |

## THE GRAND JURY CHARGES:

## COUNT 1

## CONSPIRACY TO COMMIT ARSON

### I.    INTRODUCTION

Defendant DWIGHT LINCOLN HAMMOND, JR. and his wife own Hammond Ranches,

Inc., a cattle ranch near the remote eastern Oregon community of Diamond.  The Hammonds have

several children, only one of whom, STEVEN DWIGHT HAMMOND, is currently involved in their

ranch activities.  The Hammonds own private grazing land as well as lease other private and public

lands. In 2004, the Bureau of Land Management (BLM) issued Hammond Ranches, Inc. (HRI) a single grazing permit with four distinct allotments.

Hammond family members have publicly expressed their displeasure with BLM about the land use management methods of the BLM. Because the BLM "takes too long" to complete the required environmental studies before doing controlled rangeland burning, the Hammonds have opposed BLM management of the rangelands and have burned the rangelands on their own. The Hammonds also have ignited uncontrolled fires under cover of naturally occurring dry lightning storms which occur on the western slopes of the Steens Mountain in late summers. For more than twenty years, Hammond family members have been responsible for multiple fires in the Steens Mountain area.

## II.   **OBJECT OF THE CONSPIRACY**

Beginning in August 1982 and continuing through August 2006, in the District of Oregon, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. and other persons known and unknown to the Grand Jury, willfully and knowingly conspired and agreed to commit the following offenses against the United States:

maliciously damage or destroy, or attempt to damage or destroy, by means of fire, vehicles and real or personal property, in whole or in part, owned or possessed by, or leased to, the United States or any department or agency thereof, in violation of Title 18, United States Code, Section 844(f)(1);

to maliciously damage or destroy, or attempt to damage or destroy, by means of fire, vehicles and other real or personal property used in interstate commerce or in any activity affecting interstate commerce, in violation of Title 18, United States

Code, Section 844(i);

acted as pilot in command of an aircraft without having a current and appropriate medical certificate or other documentation acceptable to the United States Department of Transportation, Federal Aviation Administration, in violation of Title 49, United States Code, Section 46306(b)(7);

operated an aircraft within a designated area in which a Temporary Flight Restriction had been issued, without complying with the terms and conditions required to operate an aircraft within that designated area, in violation of Title 49, United States Code, Section 46306(b)(7);

threatened to assault by use of fire, employees of the United States Department of Interior, Bureau of Land Management, with intent to impede, intimidate, interfere with and retaliate against the employee while that employee was engaged in or on account of the performance of that employee's official duties, all in violation of Title 18, United States Code, Sections 111(a) and 844(h);

used and attempted to use intimidation, threat, and corruptly persuade another person to engage in misleading conduct toward another person, with intent to hinder, delay, or prevent the communication to a law enforcement officer of the United States of information relating to the commission or possible commission of a Federal offense, in violation of Title 18, United States Code, Section 1512.

## III.   MANNER AND MEANS OF THE CONSPIRACY

The foregoing objects of the conspiracy were to be accomplished in the following manner by the aforementioned defendants and others at various times during the course of the

conspiracy:

1.      Certain of the defendants and others would target for arson vehicles and other real
and personal property owned and possessed by the United States and its departments and
agencies;

2.      Certain of the defendants and others would target for arson real and personal
property used in interstate commerce and in activities affecting interstate commerce;

3.      Certain of the defendants and others would conduct aerial and ground surveillance
of sites targeted for arson;

4.      Certain of the defendants would threaten others that certain arsons would occur;

5.      Certain of the defendants and others would travel to the sites targeted for arson;

6.      Certain of the defendants would ignite vegetation at or near targeted sites for
arson;

7.      Certain of the defendants would illegally operate an aircraft to surveil the sites of
the arson;

8.      Certain of the defendants and others, by means of fire, would maliciously damage
and destroy, and attempt to damage and destroy, vehicles and other real and personal property
owned and possessed by the United States and its departments and agencies;

9.      Certain of the defendants and others, by means of fire, would maliciously damage
and destroy, and attempt to damage and destroy, vehicles and other real and personal property
used in interstate commerce and in activities affecting interstate commerce;

10.     Certain of the defendants would assault, oppose, impede, interfere, threaten and
intimidate government firefighters while employed in their official duties;

11.    After the arsons, certain of the defendants would oppose, impede, interfere, threaten and intimidate others to hinder, delay or provide false information to law enforcement officials;

12.    After the arsons, certain of the defendants would obliterate, destroy or secrete certain evidence of their criminal activities.

## IV.    OVERT ACTS

In order to carry out the objects of the conspiracy, defendants and others committed various overt acts within the District of Oregon and elsewhere, including but not limited to the following:

1.    On or about August 24, 1982, in Harney County, District of Oregon, defendant STEVEN DWIGHT HAMMOND unlawfully and willfully caused and aided, abetted, counseled, commanded, induced and procured the malicious damaging and destroying by means of fire, approximately 240 acres of real property owned and possessed by the United States and the United States Department of Interior, Bureau of Land Management, then located in the Blitzen River Wilderness Study Area, now known as the Steens Mountain Cooperative Management and Protection Area.  The fire was known as the Steens Mountain Loop Fire.

1a.    On or about August 24, 1982, in Harney County, District of Oregon, defendant STEVEN DWIGHT HAMMOND walked along and dropped lighted matches intending to ignite real property owned and possessed by the United States and the United States Department of Interior, Bureau of Land Management, then located in the Blitzen River Wilderness Study Area, now known as the Steens Mountain Cooperative Management and Protection Area.

2.    On or about August 24, 1996, in Harney County, District of Oregon, defendant

STEVEN DWIGHT HAMMOND unlawfully and willfully caused and aided, abetted, counseled, commanded, induced and procured the malicious damaging and destroying, by means of fire to approximately 80 acres of real property owned and possessed by the United States and the United States Bureau Department of Interior, Bureau of Land Management, in the Bridge Creek Wilderness Study Area now known as the Steens Mountain Cooperative Management and Protection Area. The fire was known as the Little Fir Fire.

 2a. On or about August 24, 1996, defendant STEVEN DWIGHT HAMMOND operated a "jeep like" vehicle in the area of the Little Fir Fire, license number 5N-3151, which had military type tires with unidirectional tread.

 2b. On or about August 24, 1996, defendant DWIGHT LINCOLN HAMMOND, JR. piloted an aircraft in the area of the Little Fir Fire.

 2c. On or about August 24, 1996, in Harney County, District of Oregon, defendant STEVEN DWIGHT HAMMOND ignited a fire and caused damage to approximately 80 acres of property owned and possessed by the United States and the United States Department of Interior, Bureau of Land Management located in the Bridge Creek Wilderness Area now known as the Steens Mountain Cooperative Management and Protection Area.

 2d. On or about August 24, 1996, defendant STEVEN DWIGHT HAMMOND advised firefighters that he had not been to the fire location.

 3. On or about September 9, 1999, in Harney County, District of Oregon, defendant STEVEN DWIGHT HAMMOND unlawfully and willfully caused and aided, abetted, counseled, commanded, induced and procured the malicious damaging and destroying by means of fire to real property owned and possessed by the United States and the United States Department of

Interior, Bureau of Land Management, located in the Bridge Creek Wilderness Study Area now known as the Steens Mountain Cooperative Management and Protection Area.  The fire was known as the Fir Creek/Bridge Creek Fire.

3a.      On or about September 9, 1999, defendant STEVEN DWIGHT HAMMOND called the Burns Interagency Communication Center to advise his intentions to conduct burning of sagebrush in the Fir Creek/Bridge Creek area.

3b.      On or about September 9, 1999, defendant STEVEN DWIGHT HAMMOND initiated a fire which caused damage and destruction to approximately 217 acres of real property owned and possessed by the United States and the United States Bureau of Land Management of the Department of Interior, located in the Bridge Creek Wilderness Study Area now known as the Steens Mountain Cooperative Management and Protection Area.

4.      On or about September 30, 2001, in Harney County, District of Oregon, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. unlawfully and willfully caused and aided, abetted, counseled, commanded, induced and procured the malicious damaging and destroying by means of fire of real property owned and possessed by the United States and the United States Department of Interior, Bureau of Land Management, located in the Steens Mountain Cooperative Management and Protection Area. The fire was known as the Hardie - Hammond Fire.

4a.      On or about September 30, 2001, defendant DWIGHT LINCOLN HAMMOND, JR. contacted a three-person hunting party on property owned and possessed by the United States and the United States Department of Interior, Bureau of Land Management, located in the Steens Mountain Cooperative Management and Protection Area.

4b.     On or about September 30, 2001, defendant DWIGHT LINCOLN HAMMOND JR., made inquiry of the three persons as to the location of their hunting camp.

4c.     On or about September 30, 2001, defendant STEVEN DWIGHT HAMMOND was observed with another group of hunters in the area of what was to become the Hardie-Hammond Fire.

4d.     On or about September 30, 2001, the hunting party accompanied by defendant STEVEN DWIGHT HAMMOND began shooting over the heads of the other group of hunters and into a herd of deer.

4e.     On or about September 30, 2001, defendant STEVEN DWIGHT HAMMOND attempted to hide from the view of the other hunting party then left the area.

4f.     On or about September 30, 2001, defendant STEVEN DWIGHT HAMMOND contacted the Burns Interagency Communication Center and advised there may be some burning six to eight miles south of Fish Lake and eight to ten miles east of Frenchglen, Oregon.

4g.     On or about September 30, 2001, approximately one and one-half hours after the shooting incident , defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. and others ignited multiple fires which burned beneath and towards the hunting camp of the other hunting group.

4h.     On or about September 30, 2001, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. intended and caused fire damage to approximately 138 acres of real property owned and possessed by the United States and the United States Department of Interior, Bureau of Land Management, located in the Steens Mountain Cooperative Management and Protection Area.

5.　　　On or about August 23, 2005, in Harney County, District of Oregon, defendant STEVEN DWIGHT HAMMOND unlawfully and willfully caused and aided, abetted, counseled, commanded, induced and procured the malicious damaging and destroying, by means of fire, real property owned and possessed by the United States and the United States Department of Interior, Bureau of Land Management, located in the Steens Mountain Cooperative Management and Protection Area. The fire was known as the Fir Creek Fire.

5a.　　On or about August 23, 2005, in Harney County, District of Oregon, defendant STEVEN DWIGHT HAMMOND denied permission for fire suppression personnel and equipment to cross Hammond private property to gain access to an ongoing wildfire.

5b.　　On or about August 23, 2005, in Harney County, District of Oregon, defendant STEVEN DWIGHT HAMMOND initiated a fire which caused damage and destruction to real property owned and possessed by the United States and the United States Bureau of Land Management of the Department of Interior, now located within the Steens Mountain Cooperative Management and Protection Area.

5c.　　On or about August 23, 2005, in Harney County, District of Oregon, defendant STEVEN DWIGHT HAMMOND advised a BLM employee that he was in Bend, Oregon, and denied BLM access across Hammond private land to engage in fire suppression efforts.

6.　　　On or about August 22, 2006, in Harney County, District of Oregon, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. unlawfully and willfully caused and aided, abetted, counseled, commanded, induced and procured the malicious damaging and destroying, by means of fire, real property owned and possessed by the United States and the United States Department of Interior, Bureau of Land Management, located in the

Steens Mountain Cooperative Management and Protection Area. The fire was known as the Krumbo Butte Fire.

6a.     On or about August 4, 2006, defendant STEVEN DWIGHT HAMMOND advised BLM employee Karla Bird that the Bureau of Land Management's scheduled rangeland burn on public land leased to the Hammond Ranch was not soon enough to suit him.

6b.     On or about August 17, 2006, defendant STEVEN DWIGHT HAMMOND told Bureau of Land Management employee Joe Glascock that he and his father, defendant DWIGHT LINCOLN HAMMOND, JR., would purposely ignite fires after dry lightning events and that he and his father had been doing so for years.

6c.     On or about August 22, 2006, DWIGHT LINCOLN HAMMOND, JR. operated his Piper Super Cub aircraft above BLM fire suppression personnel.

6d.     On or about August 22, 2006, defendant STEVEN DWIGHT HAMMOND ignited multiple fires in the area of Krumbo Butte and beneath Bureau of Land Management fire crew members then actively involved in suppressing wildland fires.

7.     On or about August 22, 2006, in Harney County, District of Oregon, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. unlawfully and willfully caused and aided, abetted, counseled, commanded, induced and procured the malicious damaging and destroying, by means of fire, real property owned and possessed by the United States and the United States Department of Interior, Bureau of Land Management located in the Steens Mountain Cooperative Management and Protection Area. The fire was known as the Lower Bridge Creek Fire.

7a.     On or about August 17, 2006, defendant STEVEN DWIGHT HAMMOND told

Bureau of Land Management employee Joe Glascock the next time there was dry lightning in the area, to not be surprised if there was a fire in the Bridge Creek area.

      7b.     On or about August 22, 2006, after a dry lightning storm had passed through the area, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. were observed in the Bridge Creek Area.

      7c.     On or about August 22, 2006, DWIGHT LINCOLN HAMMOND, JR. intentionally ignited multiple fires along Bridge Creek, real property owned and possessed by the United States and the United States Department of Interior, Bureau of Land Management, located within the Steens Mountain Cooperative Management and Protection Area.

      7d.     On or about August 22, 2006, a man matching the general description of DWIGHT LINCOLN HAMMOND, JR. was observed leaving the Bridge Creek area.

      8.     On or about August 23, 2006, in Harney County, District of Oregon, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. unlawfully and willfully caused and aided, abetted, counseled, commanded, induced and procured the malicious damaging and destroying by means of fire, to approximately 46,000 acres of real property owned and possessed by the United States and the United States Department of Interior, Bureau of Land Management, located in the Steens Mountain Cooperative Management and Protection Area. The fire was known as the Granddad Fire.

      8a.     On or about August 23, 2006, defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. ignited a series of fires along Bridge Creek Road, behind and in front of Bureau of Land Management firefighters while the firefighters were engaged in the performance of their official duties suppressing wildland fires.

8b.     On or about August 23, 2006, defendant STEVEN DWIGHT HAMMOND and

DWIGHT LINCOLN HAMMOND, JR. drove a vehicle off of Bridge Creek Road and around

Bureau of Land Management fire engine 612, manned by two Bureau of Land Management

firefighters, so that defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN

HAMMOND, JR. could continue lighting fires.

8c.     On or about August 23 2006, defendant DWIGHT LINCOLN HAMMOND, JR.

exited the vehicle driven by defendant STEVEN DWIGHT HAMMOND on Bridge Creek Road.

8d.     On or about August 23, 2006, defendant DWIGHT LINCOLN HAMMOND, JR.

began walking and igniting a series of wildland fires near Bridge Creek Road.

8e.     On or about August 23, 2006, defendant DWIGHT LINCOLN HAMMOND, JR.

was observed crossing Bridge Creek Road while leaving the scene of a recent fire ignition.

8f.     On or about August 23, 2006, defendant DWIGHT LINCOLN HAMMOND, JR.

left his boot print impressions in the soft soil of Bridge Creek Road.

8g.     On or about August 23, 2006, DWIGHT LINCOLN HAMMOND, JR. refused to

stop after being ordered to do so by a BLM firefighter.

8h.     On or about August 23, 2006, defendant DWIGHT LINCOLN HAMMOND, JR.

was confronted by Bureau of Land Management firefighters and attempted to persuade the

firefighters not to alert law enforcement authorities.

8i.     On or about August 23, 2006, defendant DWIGHT LINCOLN HAMMOND, JR.

left the immediate area of the firefighters and ignited other wildland fires beneath the firefighters.

8j.     On or about August 24, 2006, defendants STEVEN DWIGHT HAMMOND and

DWIGHT LINCOLN HAMMOND, JR. obliterated and destroyed evidence of the boot prints of

DWIGHT LINCOLN HAMMOND, JR., on Bridge Creek Road.

9.      On or about August 24, 2009, in Harney County, District of Oregon, defendant

STEVEN DWIGHT HAMMOND intimidated, threatened and engaged in misleading conduct

towards Bureau of Land Management employee Joe Glascock to make the situation go away, and

if not, then defendant STEVEN DWIGHT HAMMOND would claim Joe Glascock, and not

defendants STEVEN DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR.,

actually ignited the fires.

10.     On or about August 25, 2006, defendant DWIGHT LINCOLN HAMMOND, JR.

operated an aircraft, to wit:  a Piper Super Cub, tail number N9356D, within a designated

Temporary Flight Restriction Area.

11.     On or about August 31, 2006, defendant DWIGHT LINCOLN HAMMOND, JR.

operated an aircraft, to wit:  a Piper Super Cub, tail number N9356D, within a designated

Temporary Flight Restriction Area.

12.     On or between August 22 and August 31, 2006, defendant DWIGHT LINCOLN

HAMMOND, JR. operated an aircraft, to wit:  a Piper Super Cub, tail number N9356D, without

a current airman's medical certificate;

All of the above conduct violated Title 18, United States Code, Section 844(n).

## COUNT 2

## 2001 HARDIE - HAMMOND ARSON

On or about October 1, 2001, in Harney County, District of Oregon, defendants STEVEN

DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR., unlawfully and willfully

caused and aided, abetted, counseled, commanded, induced, and procured the malicious

damaging and destroying, by means of fire, real property owned and possessed by the United

States and the United States Department of Interior, Bureau of Land Management, located in the

Steens Mountain Cooperative Management and Protection Area. The fire was known as the

Hardie-Hammond Fire;

     All in violation of Title 18, United States Code, Sections 844(f) and 2.

## COUNT 3

### 2005 FIR CREEK ARSON

     On or about August 22, 2005, in Harney County, District of Oregon, defendants STEVEN

DWIGHT HAMMOND unlawfully and willfully caused and aided, abetted, counseled,

commanded, induced, and procured the malicious damaging and destroying, by means of fire,

real property owned and possessed by the United States and the United States Department of

Interior, Bureau of Land Management, located in the Steens Mountain Cooperative Management

and Protection Area. The fire was known as the Fir Creek Fire;

     All in violation of Title 18, United States Code, Sections 844(f) and 2.

## COUNT 4

### 2005 FIR CREEK DEPREDATION OF GOVERNMENT PROPERTY BY FIRE

     On or about August 22, 2005, in Harney County, District of Oregon, defendant STEVEN

DWIGHT HAMMOND unlawfully and willfully injured, caused and attempted to cause

depredation, by means of fire, against real property owned and possessed by the United States

and the United States Department of Interior, Bureau of Land Management, located in the Steens

Mountain Cooperative Management and Protection Area and did thereby cause damage to such

property exceeding $1,000. The fire was known as the Fir Creek Fire;

All in violation of Title 18, United States Code, Sections 1361and 844(h).

## COUNT 5

### 2006 LOWER BRIDGE CREEK ARSON

On or about August 22, 2006, in Harney County, District of Oregon, defendants STEVEN

DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. unlawfully and willfully

caused and aided, abetted, counseled, commanded, induced, and procured the malicious

damaging and destroying, by means of fire, real property owned and possessed by the United

States and the United States Department of Interior, Bureau of Land, located in the Steens

Mountain Cooperative Management and Protection Area. The fire was known as the Lower

Bridge Creek Fire;

All in violation of Title 18, United States Code, Sections 844(f) and 2.

## COUNT 6

### 2006 LOWER BRIDGE CREEK DEPREDATION OF

### GOVERNMENT PROPERTY BY FIRE

On or about August 22, 2006, in Harney County, District of Oregon, defendants STEVEN

DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. unlawfully and willfully

injured, caused and attempted to cause depredation, by means of fire, against real property owned

and possessed by the United States and the United States Department of Interior, Bureau of Land

Management, located in the Steens Mountain Cooperative Management and Protection Area and

did thereby cause damage to such property exceeding $1,000. The fire was known as the Lower

Bridge Creek Fire;

All in violation of Title 18, United States Code, Sections 1361, 844(h) and 2.

## COUNT 7

### 2006 KRUMBO BUTTE ARSON

On or about August 22, 2006, in Harney County, District of Oregon, defendant STEVEN

DWIGHT HAMMOND unlawfully and willfully caused and aided, abetted, counseled,

commanded, induced and procured the malicious damaging and destroying by means of fire, real

property owned and possessed by the United States and the United States Department of Interior,

Bureau of Land Management, located in the Steens Mountain Cooperative Management and

Protection Area. The fire was known as the Krumbo Butte Fire;

All in violation of Title 18, United States Code, Sections 844(f) and 2.

## COUNT 8

### 2006 KRUMBO BUTTE DEPREDATION OF GOVERNMENT PROPERTY BY FIRE

On or about August 22, 2006, in Harney County, District of Oregon, defendants STEVEN

DWIGHT HAMMOND, unlawfully and willfully injured, caused and attempted to cause

depredation, by means of fire, against real property owned and possessed by the United States

and the United States Department of Interior, Bureau of Land Management, located in the Steens

Mountain Cooperative Management and Protection Area and did thereby cause damage to such

property exceeding $1,000. The fire was known as the Krumbo Butte Fire;

All in violation of Title 18, United States Code, Sections 1361, 844(h) and 2.

## COUNT 9

### 2006 GRANDDAD ARSON

On or about August 23, 2006, in Harney County, District of Oregon, defendants STEVEN

DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. unlawfully and willfully

caused and aided, abetted, counseled, commanded, induced and procured the malicious damaging

and destroying by means of fire, real property owned and possessed by the United States and the

United States Department of Interior, Bureau of Land Management, located in the Steens

Mountain Cooperative Management and Protection Area. The fire was known as the Granddad

Fire;

All in violation of Title 18, United States Code, Sections 844(f) and 2.

## COUNT 10

### 2006 GRANDDAD DEPREDATION OF GOVERNMENT PROPERTY BY FIRE

On or about August 23, 2006, in Harney County, District of Oregon, defendants STEVEN

DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. unlawfully and willfully

injured, caused and attempted to cause depredation, by means of fire, against real property owned

and possessed by the United States and the United States Department of Interior, Bureau of Land

Management, located in the Steens Mountain Cooperative Management and Protection Area and

did thereby cause damage to such property exceeding $1,000. The fire was known as the

Granddad Fire;

All in violation of Title 18, United States Code, Sections 1361, 844(h) and 2.

## COUNT 11

### OPERATION OF AIRCRAFT WITHOUT CURRENT MEDICAL CERTIFICATE

On or about August 22, 2006, in Harney County, District of Oregon, defendant DWIGHT

LINCOLN HAMMOND, JR. knowingly acted as a pilot in command of an aircraft, to wit: a

Piper Super Cub, tail number N9356D, without having a current and appropriate medical

certificate or other documentation acceptable to the United States Department of Transportation,

Federal Aviation Administration, and which was not in his physical possession or readily

accessible in the aircraft;

All in violation of Title 49, United States Code, Section 46306(b)(7) and 14, CFR Part

61.3(c).

## COUNT 12

### OPERATION OF AIRCRAFT WITHOUT CURRENT MEDICAL CERTIFICATE

On or about August 24, 2006, in Harney County, District of Oregon, defendant DWIGHT

LINCOLN HAMMOND, JR. knowingly acted as a pilot in command of an aircraft, to wit: a

Piper Super Cub, tail number N9356D, without having a current and appropriate medical

certificate or other documentation acceptable to the United States Department of Transportation,

Federal Aviation Administration, and which was not in his physical possession or readily

accessible in the aircraft;

All in violation of Title 49, United States Code, Section 46306(b)(7) and 14 CFR, Part

61.3(c).

## COUNT 13

### OPERATION OF AIRCRAFT WITHIN A RESTRICTED AREA

On or about August 25, 2006, in Harney County, District of Oregon, defendant DWIGHT

LINCOLN HAMMOND, JR. knowingly operated an aircraft, to wit: a Piper Super Cub, tail

number N9356D, within a designated area in which a Temporary Flight Restriction had been

issued, without complying with the terms and conditions required to operate an aircraft within

that designated area;

All in violation of Title 49, United States Code, Section 46306(b)(7) and 14 CFR, Part

91.137(c).

## COUNT 14

### OPERATION OF AIRCRAFT WITHIN A RESTRICTED AREA

On or about August 31, 2006, in Harney County, District of Oregon, defendant DWIGHT

LINCOLN HAMMOND, JR. knowingly operated an aircraft, to wit: a Piper Super Cub, tail

number N9356D, within a designated area in which a Temporary Flight Restriction had been

issued, without complying with the terms and conditions required to operate an aircraft within

that designated area;

All in violation of Title 49, United States Code, Section 46306(b)(7) and 14 CFR, Part

91.137(c).

## COUNT 15

### THREATEN TO ASSAULT A FEDERAL OFFICER

On or about August 23, 2006, in Harney County, District of Oregon, defendant DWIGHT

LINCOLN HAMMOND, JR. did threaten to assault by use of fire against Lance Okeson, an

employee of the United States Department of Interior, Bureau of Land Management, with intent

to impede, intimidate, interfere with and retaliate against Lance Okeson while he was engaged in

or on account of the performance of his official duties in suppressing a wildland fire;

All in violation of Title 18, United States Code, Sections 111(a) and 844(h).

## COUNT 16

### THREATEN TO ASSAULT A FEDERAL OFFICER

On or about August 23, 2006, in Harney County, District of Oregon, defendant DWIGHT

LINCOLN HAMMOND, JR. did threaten to assault by use of fire against Joe Glascock, an

employee of the United States Department of Interior, Bureau of Land Management, with intent

to impede, intimidate, interfere with and retaliate against Joe Glascock while he was engaged in

or on account of the performance of his official duties in suppressing a wildland fire;

All in violation of Title 18, United States Code, Sections 111(a) and 844(h).

## COUNT 17

### THREATEN TO ASSAULT A FEDERAL OFFICER

On or about August 23, 2006, in Harney County, District of Oregon, defendants STEVEN

DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. did threaten to assault by

use of fire against Chad Rott, an employee of the United States Department of Interior, Bureau of

Land Management, with intent to impede, intimidate, interfere with and retaliate against Chad

Rott while he was engaged in or on account of the performance of his official duties in

suppressing a wildland fire;

All in violation of Title 18, United States Code, Sections 111(a) and 844(h).

## COUNT 18

### THREATEN TO ASSAULT A FEDERAL OFFICER

On or about August 23, 2006, in Harney County, District of Oregon, defendants STEVEN

DWIGHT HAMMOND and DWIGHT LINCOLN HAMMOND, JR. did threaten to assault by

use of fire against Lisa Megargee, an employee of the United States Department of Interior,

Bureau of Land Management, with intent to impede, intimidate, interfere with and retaliate

against Lisa Megargee, while she was engaged in or on account of the performance of her official

duties in suppressing a wildland fire;

All in violation of Title 18, United States Code, Sections 111(a) and 844(h).

## COUNT 19

### TAMPERING WITH A WITNESS

On or about August 22, 2006, in Harney County, District of Oregon, defendant STEVEN

DWIGHT HAMMOND did knowingly use and attempt to use intimidation, threat, and engage in

misleading conduct towards another person to corruptly persuade United States Department of

Interior, Bureau of Land Management employee Joe Glascock with the intent to hinder, delay,

and prevent the communication to Bureau of Land Management Law Enforcement Officer by

telling Joe Glascock that if Joe Glascock wanted to stay in the community, Joe Glascock must

make the Granddad arson investigation go away, and that if Joe Glascock refused to comply with

defendant's demand, defendant would claim that Joe Glascock caused the ignition of the fire;

All in violation of Title 18, United States Code, Section 1512(b).

Dated this _17_ day of June, 2010.

A TRUE BILL.

**s/ GRAND JURY FOREPERSON**

GRAND JURY FOREPERSON

Presented by:

DWIGHT C. HOLTON
United States Attorney
District of Oregon

KIRK A. ENGDALL, OSB #81215
Assistant United States Attorney