Lawrence Matasar, OSB #74209
621 S.W. Morrison Street, Suite 1025
Portland, OR 97205
Telephone:  (503) 222-9830
Fax: (503) 274-8575
Email:  larry@pdxlaw.com

Marc Blackman, OSB #73033
Ranson Blackman
1001 SW Fifth Avenue Suite 1400
Portland, OR 97204
Tel:  (503) 228-0487
Fax: (503) 227-5984
Email:  marc@ransonblackman.com

      Attorneys for Dwight Hammond and Steven Hammond


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. CR 10-60066-HO |
| | ) | |
| Plaintiff, | ) | FIRST MOTION FOR DISCOVERY |
| | ) | |
| vs. | ) | |
| | ) | |
| STEVEN DWIGHT HAMMOND and | ) | |
| DWIGHT LINCOLN HAMMOND, | ) | |
| | ) | |
| Defendants. | ) | |

TO:    Assistant United States Attorneys Kirk Engdall and Frank Papagni:

Defendants, Steven Dwight Hammond or Dwight Lincoln Hammond, Jr., by and

through their attorneys, Lawrence Matasar and Marc Blackman, hereby request and

move for an order of discovery directing the United States Attorney to disclose,

produce, and make available for examination and copying by defense counsel or their

agents the following items, whether in the direct, physical possession, custody, control,

PAGE 1 –  FIRST MOTION FOR DISCOVERY

or knowledge of the United States Attorney, or any law enforcement agent, or which by

the exercise of due diligence may become known to the attorneys for the Government.[1]

I.    DISCOVERY REQUESTS

    A.    Specific Requests

        1.    Access and the opportunity independently to test all physical

evidence of any of the matters referenced in the indictment, whether or not the

Government intends to offer such physical evidence at any stage of this

proceeding.

        2.    Any and all records, documents, reports, memoranda and other

writings setting forth statements purportedly made by Steven Dwight

Hammond, Dwight Lincoln Hammond, Jr., or any person whom the

Government contends is a co-conspirator, employee or agent of any Defendant

to: (a) any law enforcement or intelligence agent; (b) any employee, agent, or

contractor of any Government agency [federal, state, or local] with

administrative or management authority or responsibility for any of the land

areas referenced in the indictment; or (c) any informer or agent of any such entity

during the time frame of this indictment.

        3.    Any and all records, documents, reports, search warrant affidavits,

search warrants, and search warrant receipts pertaining to search activity

regarding: (a) the person of Steven Dwight Hammond; (b) the person of Dwight

Lincoln Hammond, Jr.; (c) any property in which the Government contends or

may contend that Steven Dwight Hammond, Dwight Lincoln Hammond, Jr., or

---

[1] See Discussion, infra at 30 - 33, , regarding the prosecutor's duty of inquiry and
continuing discovery.

PAGE 2 –  FIRST MOTION FOR DISCOVERY

any entity in which either holds an interest may be responsible, including but not limited to T 32 S Range 32.75 E Section 16 near Frenchglen, Oregon; (d) a motor vehicle bearing Oregon license plate no. RME 698; (e) lace up leather boots.

4.    Disclosure and production of boot print evidence and/or whether any attempts were made to obtain boot prints from: (a) Steven Dwight Hammond; (b) Dwight Lincoln Hammond, Jr.; (c) any employee, agent, or contractor of any Government agency [federal, state, or local] physically present on the site of any of the fires referenced in the indictment; and (d) Wade Kean Kirkwood.

5.    Any and all records, documents, reports, LEDS printouts and other writings that set forth prior criminal history information pertaining to: (a) Steven Dwight Hammond; (b) Dwight Lincoln Hammond, Jr.; and (c) any person the Government intends or is considering calling as a witness during any stage of this proceeding.

6.    Disclosure of any intention to offer evidence relating to any act of any Defendant or any person whom the Government contends is a co-conspirator, employee or agent of any Defendant, under Federal Rule of Evidence 404(b) and, if so, the details thereof.  *United States v. Baum*, 482 F.2d 1325, 1330-32 (2d Cir. 1973); *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir. 1979) (*en banc*) ("trial by ambush" is counterproductive and "advance planning" for ruling on motion in limine helps both parties and the court), *cert. denied*, 444 U.S. 1034; *United States v. Foskey*, 636 F.2d 517, 526 n. 8 (D.C. Cir. 1980) (Government should give defense adequate notice of 404(b) evidence).

7.      Any and all records, documents, notes, and references regarding any contact by any employee, agent, or contractor of any Government agency [federal, state, or local] involved at any time in any investigation regarding any of the matters referenced in the indictment with any other employee, agent, or contractor of any such agency and/or any Government agency [federal, state, or local] with administrative or management authority or responsibility for any of the land areas referenced in the indictment that refer in any manner to: (a) any of the matters referenced in the indictment; (b) Steven Dwight Hammond; or (c) Dwight Lincoln Hammond, Jr.

8.      Any and all information and material, documents, papers, or tangible items, relating to any communication, oral, written or recorded, of any Defendant or any person whom the Government contends is an employee or agent of a Defendant, whether or not the Government intends to produce evidence or testimony regarding such statements or call any such person(s) as a witness(es) at any stage of this proceeding.

9.      Notice and all information regarding when Steven Dwight Hammond or Dwight Lincoln Hammond, Jr. was first considered by any employee, agent, or contractor of any Government agency [federal, state, or local] as possibly responsible for any matter referenced in the indictment.

10.      Any and all reports, summaries, and notes provided to any non-Governmental consultant, expert, or potential expert witness (including but not limited to arson or tracking consultants), from whom the Government sought or considered seeking assistance at any time in any investigation of any of the

matters referenced in the indictment and any and all reports, summaries, and notes produced by such persons.

11.    Any information relating to the character or reputation of Steven Dwight Hammond or Dwight Lincoln Hammond, Jr. for peacefulness, law-abidingness, non-peacefulness, and/or non-law-abidingness.

12.    All reports, photographs, audio recordings, visual recordings, and other documents prepared at any time in any investigation of any of the matters referenced in the indictment by any employee, agent, or contractor of any Government agency [federal, state, or local], including but not limited to the Harney County Sheriff and the Oregon State Police concerning: (a) Steven Dwight Hammond; (b) Dwight Lincoln Hammond, Jr.; or (c) any of the matters referenced in the indictment.

13.    Any document entitled "Interagency Standards for Fire and Aviation Operations," in existence during the time frame referenced in the indictment.

14.    "Actual Use Reports" for Hammond allotments from the period 1982 through 2006.

15.    Any and all reports, tapes, videotapes, cd's, or documentation in any form of surveillance, electronic and in person, of: (a) Steven Dwight Hammond; (b) Dwight Lincoln Hammond, Jr.; (c) any property in which the Government contends or may contend that Steven Dwight Hammond, Dwight Lincoln Hammond, Jr., or any entity in which either holds an interest; or (d) any person whom the Government contends is a co-conspirator, employee or agent of any Defendant, wherever such surveillance occurred.

PAGE 5 – FIRST MOTION FOR DISCOVERY

16.    The training records for all Government employees mentioned in the discovery, including, but not limited to: Janice Madden, Charles E. Miller, Jr., Joe Florez, George Orr, Lynn Miracle, John W. Bird, Dennis K. Castro-Shrader, and Joe Glascock.

17.    All records and billing statements for all cellular telephones, radios, and other communication devices in the possession of any employee, agent, or contractor of any Government agency [federal, state, or local] involved in any of the fires referenced in the indictment, including, but not limited to: Janice Madden, Charles E. Miller, Jr., Joe Florez, George Orr, Lynn Miracle, John W. Bird, Dennis K. Castro-Shrader, and Joe Glascock.

18.    A copy of the map used by Lynn Miracle during his interview of Joe Glascock on June 19, 2007.

19.    All reports and other information, in addition to that which appears in discovery page numbers 06.G03378 to 06.G03735, concerning: (a) fires of a suspicious origin in Washington State in June – August, 2004; and (b) all fires for which any employee, agent, or contractor of any Government agency [federal, state, or local] suspected Wade Kean Kirkwood.

20.    The following materials regarding the fires referenced in the indictment[2]:

    a.    Steens Mtn Loop Fire 1982

        (1)    Origin and Cause Report.

_____

[2]    A list of most of these items was provided to the Government on February 2, 2011.

(2)    The photo log for the photos in discovery pages 82.00013 through 82.00087.

(3)    Records regarding ownership and usage of the Frazier Allotment in 1982.

(4)    The weather reports for August 23, 1982 and August 24, 1982.

(5)    Lightning strike data for August 23, 1982 and August 24, 1982.

(6)    All records attributing the cause of this fire to a United States Air Force jet.

b.    <u>Little Fir Fire 1996</u>

(1)    Origin and Cause Report.

(2)    The photo logs for photos in discovery pages 96.00028 through 96.00038.

(3)    The weather reports for August 23, 1996 and August 24, 1996.

(4)    Lightning strike data for August 23, 1996 and August 24, 1996.

c.    <u>Fir Creek/Bridge Creek Fire 1999</u>

(1)    Origin and Cause Report.

(2)    The photo log describing the photos on discovery pages 99.00010 through 99.00018 and on discovery pages 99.00024 through 99.00026.

(3)    The weather reports for September 9 – 13, 1999.

d.    Hardie/Hammond Fire 2001

(1)    Origin and Cause Report.

(2)    The initial incident report mentioned in discovery page 01.00108 ("The initial incident report document, written by Dave Ward, the Rangeland Management Specialist, for the Burns district, indicated that * * *).

(3)    Photos, Photo Logs, origin sketches, investigation reports.

(4)    All reports prepared by OSP Game Officer Rod Spannaus.

(5)    The weather reports for September 29 – October 3, 2001.

e.    Fir Creek Fire AKA Little Bridge Creek Fire 2005

(1)    Origin and Cause Report.

(2)    Photos, photo logs, weather reports for August 21, 2005 – August 25, 2005.

(3)    Lightning strike data for the period August 21, 2005 through August 25, 2005.

(4)    The weather reports for August 21, 2005 through August 25, 2005.

f.    Lower Bridge Creek Fire 2006

(1)    All photographs described in the photograph log on discovery pages 06.G02419 through 06.G02421.  (44 photographs listed; 19 photographs provided.)

PAGE 8 – FIRST MOTION FOR DISCOVERY

(2)    Lightning strike data for August 21, 2006 through August 23, 2006.

(3)    The weather reports for August 21, 2006 through August 23, 2006.

g.    <u>Krumbo Fire 2006</u>

(1)    The Photo log for the photographs at discovery pages 06.K00001 through 06.K00023.

(2)    The cell phone photographs mentioned at discovery page 00122 ("[Range Con] Glascock: "they had pictures on their little cell phones too.")

(3)    A list of Government employees or contract personnel who were on Krumbo Mountain during the fire.

(4)    The weather reports for August 21, 2006 through August 23, 2006.

h.    <u>Grandad Fire 2006</u>

(1)    The photo logs for the photographs on discovery pages 06.G00078 through 06.G00087 and 06.G00456 through 06.G00461.

(2)    Properly matched photo log for the photos described at pages 06.G00110 and 06.G00111 (re photos labeled Ignition 4) and the photos described at pages 06.G00094 and 06.G00095 (re photos at discovery pages 06.G01219 through 06.G01300 (re photos labeled Ignition 5.)

(3)    Photos and logs for Ignition 6.

PAGE 9 –  FIRST MOTION FOR DISCOVERY

(4)      The photographs described in the photo logs at
discovery pages 06.G0203 through 06.G0208.

(5)      Photo logs describing the following photographs:

    (a)      06.G01969-06.G01994

    (b)       06.G01605-06.G01629

    (c)      06.G01599-06.G01601

    (d)      06.G01633, 06.G01661, 06.G01663, 06.G01665,
    06.G01667, 06.G01669, 06.G01671, 06.G01673,
    06.G01675, 06.G01681

(6)      The results of all lab tests on exhaust systems of any
BLM vehicles or BLM contractors' vehicles, including but
not limited to the lab tests conducted by the San Demas Fire
Technology and Development Center that were requested by
the BLM on December 6, 2006, discovery page 06.G00852.

(7)      All records of drip torches and other similar devices
issued to any employee, agent, or contractor of any
Government agency [federal, state, or local] who was
physically within ten miles of the perimeter of the Grandad
Fire between for August 20, 2006 through August 25, 2006.

(8)      All records of drip torch fuel and similar fuel issued
to or used by any employee, agent, or contractor of any
Government agency [federal, state, or local] who was
physically within ten miles of the perimeter of the Grandad
Fire between for August 20, 2006 through August 25, 2006.

PAGE 10 –  FIRST MOTION FOR DISCOVERY

(9)      All records of tests for indication of the presence of

accelerants at any site considered by any employee, agent, or

contractor of any Government agency [federal, state, or

local] as a possible point of ignition of any fire within the

perimeter of the Grandad Fire.

(10)      The photo log for photos listed in the BLM Fire

Suppression Report on discovery pages 06.G02133 through

06.G02139.

(11)      The photographs for the photos described in the

Photo logs on discovery pages 06.G60203 through 06.G0208.

(12)      The attachments to C. Martins report listed on

discovery page 06.G00926.

(13)      Properly matched photos and logs for the photos and

logs described at:

> (a)      discovery pages 06.G02107 through 06.G02132
>
> (log); 06.G02140 through 06.G02337 (photos) which
>
> aren't matched with a photo log
>
> (b)      discovery pages 06.G02338 through 06.G02342
>
> (photo logs not matched with photos)
>
> (c)      discovery pages 06.G02626 through 06.G02879
>
> (photos without a log)
>
> (d)      discovery pages 06.G03888 through 06.G04114
>
> (photos without a log)

PAGE 11 –  FIRST MOTION FOR DISCOVERY

(14)    All logs, notes, printouts, traces and other information related to Pen Registers and other similar devices used at any time, including July 15, 2008 through September 10, 2008.

(15)    All records, notes, logs, emails, pilot notifications and other documents concerning Temporary Flight Restrictions (TFR) for these fires.

(16)    All reports and other written documents, including photos, audio and video recordings, by the Harney County Sheriff and the Oregon State Police.

(17)    All reports prepared by OSP Game Officer Rod Spannaus.

21.    For any of the matters referenced in the indictment:

a.    Radio logs, photographs, dispatch logs, maps, investigation reports, daily briefing documents, event time lines, Fire Unit logs, financial reports, after action reviews, lessons learned memos, daily shift reports and daily maps.  These documents are typically contained in a File Folder, sometimes known as a File Packet, for each fire.

b.    Employee time sheets for time worked during fires.

c.    A list of all vehicles, the tires of which were examined in any manner, together with all records, notes, and reports regarding such examination.

PAGE 12 –  FIRST MOTION FOR DISCOVERY

        d.     A list of all footwear, the soles or imprints of which were examined in any manner, together with all records, notes, and reports regarding such examination.

        e.     A list of all tire tracks or other indications of travel that were examined in any manner, together with all records, notes, and reports regarding such examination.

B.    <u>General Requests</u>

1.    Notice of the Government's intention to use any physical evidence, or statements which the Defendants are entitled to discover, so as to afford Defendants an opportunity to suppress such evidence.  Rule 12(d)(2) and Rule 41(f), Fed. R. Crim. P.

2.    Access to, and/or copies of, any written, recorded, or unwritten or unrecorded statements made by the Defendants.  This request includes statements made to witnesses other than law enforcement officers at any time, and also includes any tape-recorded conversations, whether person-to-person or telephonic, as well as any transcripts or enhanced audiotapes of such conversations.  Rule 16(a)(1)(A); *United States v. Bailleux*, 685 F.2d 1105, 1114 (9th Cir. 1982).

3.    Disclosure and production of any document and/or item of property obtained from the Defendants (or which the prosecution contends belongs to the Defendants) which is currently in the possession of the Government, or any law enforcement agency, or was previously in the possession of any such entity.

PAGE 13 – FIRST MOTION FOR DISCOVERY

4.      Disclosure and production of all local, state or federal reports relating to the circumstances of any search or surveillance involving the Defendants or their property, or any other search or surveillance related to this case, including electronic items such as email, listing the items seized and the information obtained as a result of these searches or surveillance.  This information is necessary to enable the Defendants to prepare motions to suppress evidence. Rule 16(a)(1)(c); 12(b)(3), 12(d)(2), 12(i) and 41(d) and (f).

5.      Disclosure and production of all written or recorded statements of the Defendants and including but not limited to grand jury testimony, telephone calls, depositions, etc.); *See* Rule 16 (a)(1)(A); *United States v. Bailleux*, 685 F.2d 1105, 1114 (9th Cir. 1982) ("Government should disclose any statement made by the Defendant that may be relevant") (emphasis added); *United States v. Lanoue*, 71 F.3d 966, 973-75 (1st Cir. 1995) (conviction reversed because of Rule 16 violation when Government failed to turn over transcript of Defendant's recorded telephone call with defense witness); *United States v. Alex*, 788 F. Supp. 1013, 1016 (N.D. Ill. 1992) (where Government "offered no compelling explanation" for nondisclosure of statements of co-Defendant, court exercises discretion to order disclosure).

6.      Disclosure and production of any eavesdropping, wiretapping, electronic recording, electronic or other audio enhancement devices were used in any fashion in this case, whether authorized or unauthorized. If yes, state the date, time, and place when such surveillance was used and provide copies of any authorizing warrants, minimization logs, and/or applications for extension of

PAGE 14 –  FIRST MOTION FOR DISCOVERY

authority to intercept. Produce and/or copy all tapes and/or tape transcripts
generated by such electronic surveillance.

       7.     Disclosure and production of any informants utilized at any stage
of the investigation of this case. If yes, provide counsel with the name and
address of said informants and the role which said informants played in the
police investigation.

       8.     Copies of all records, reports, or memoranda of federal
investigative agencies, international investigation agencies, or state and local law
enforcement agencies, which describe, refer to or otherwise comment upon any
informant involved in this case.

This request includes, but is not limited to, records, reports, or memoranda
which relate statements made by the informant to other persons, including law
enforcement agents, as well as motives and reasons for the informant's
cooperation with the Government, i.e., whether the informant was paid for his
services, whether promises were made to the informant in exchange for his
services, or whether any action was taken by the Government beneficial to the
informant in exchange for his services. This request contemplates production of
any records, reports, or memoranda presently within the possession, custody or
control of the Government, the existence of which is known, or by the exercise of
due diligence may become known, to the attorney for the Government. United
States Constitution, Amendment VI.

       9.     All results of reports of financial analysis or examinations, physical
or mental examinations and scientific tests or experiments, or copies thereof,

PAGE 15 – FIRST MOTION FOR DISCOVERY

which are material to the preparation of the defense or are intended for use by the Government as evidence in chief at the trial.  Rule 16(a)(1)(D).

10.     The conclusions and findings of any expert witness the Government intends to call whether or not the expert has prepared a written report. *See United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983); *United States v. Eduardo-Franco*, 885 F.2d 1002, 1009 (2nd Cir. 1989). In responding to this request, Defendants specifically request that the Government provide a written summary of any expert testimony it intends to use and/or introduce into evidence pursuant to Federal Rules of Evidence, Rules 702, 703 and 705.  Federal Rule of Criminal Procedure 16(a)(1)(E); *United States v. Richmond*, 153 F.R.D. 7 (D. Mass. 1994) (disclosure of existing summaries of experts must occur "forthwith;" others no later than 45 days before trial); *United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983) ("fairness requires that adequate notice be given to the defense to check conclusions and findings of experts"); *United States v. Eduardo-Franco*, 885 F.2d 1002, 1009 (2d Cir. 1989) (Defendant could not hire their own expert "until they were informed of the adverse report of the Government expert").

11.     Disclosure and production of fingerprint evidence and/or whether any attempts were made to obtain fingerprints from any property, which efforts were unsuccessful.

12.     Disclosure and production of any photograph, drawing, video recording, or audio recording, relating to the criminal action or proceeding has been made or completed by a public servant engaged in law enforcement activity, including any authorized or unauthorized surveillance.  If such material

exists, provide copies, or allow for inspection, of said photographs, drawings, video recordings, or audio recordings. If none are in existence at this time, but come into being at any time prior to or during trial, notify counsel of their existence immediately.

13.    Inspection and copying of all books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof which (1) are in the possession, custody or control of the Government; or (2) which are material to the preparation of the defense; or (3) are intended for use by the Government as evidence in chief at the trial; or (4) were obtained from; or (5) which belonged to the Defendants.  Rule 16(a)(1)(C).

14.    A copy of the Defendants' prior criminal record, if any.  Rule 16(a)(1)(B); *United States v. Audelo-Sanchez*, 923 F.2d 129, 130 (9th Cir. 1991).

15.    Copies of all reports or memoranda relating to the inception and conduct of the investigation of Defendants.  This request contemplates any reports or memoranda presently within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government.

16.    Disclosure of original handwritten notes or memoranda of any agents of the Government, whether or not the original handwritten notes or memoranda have subsequently been included in another written report.  *See United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976); *United States v. Layten*, 564 F. Supp 1391, 1395 (D. Or. 1983) (notes of interview with Defendant must be disclosed).

PAGE 17 –  FIRST MOTION FOR DISCOVERY

17. Disclosure of the original handwritten notes or memoranda of any agent of the Government regarding any of the statements made by prospective witnesses, whether or not the original notes have subsequently been included in other written reports.

18. The minutes and transcripts of the testimony before grand juries which heard evidence about the case and all notes or other writings or documents used by a prospective witness when testifying before the grand jury. *See United States v. Wallace*, 848 F.2d 1464, 1470 (9th Cir. 1988).

19. Any and all evidence which would be favorable to the Defendants, exculpatory, or material to the defense, including but not limited to:

    a. The results of tests, experiments, examinations, searches or seizures, which produced evidence favorable to the Defendants or failed to produce evidence tending to incriminate the Defendants;

    b. The names(s) of any other person considered a possible suspect in this case, and/or any evidence (including, but not limited to, statements of persons interviewed by investigative agents in connection with this case which include the names of other persons connected with the commission of the offenses with which Defendants are charged) which in any way indicates that other persons may have committed, or aided in the commission of, these crimes;

    c. A statement identifying any evidence in this case which the Government has intentionally or inadvertently destroyed, or for

PAGE 18 – FIRST MOTION FOR DISCOVERY

whatever cause, no longer has within its possession. *Brady v. Maryland*, 373 U.S. 83 (1963);

d.      Any evidence, information, testimony, transcripts, or statements indicating that any prospective prosecution witness on any occasion has given false, misleading, or contradictory information regarding the charges at bar or any other matter to any persons, including those involved in law enforcement and their agents or informers;

e.      Any evidence, information, testimony, transcripts, or statements indicating that opinion, reputation or specific acts show that the complaining witness is not a truthful person or is a threatening, aggressive, or assaultive person;

f.      Any evidence, information testimony, transcripts, or statements indicating that any prospective prosecution witness has given a statement which contradicts that of another potential prosecution witness;

g.      Any evidence, information, testimony, transcripts, or statements indicating that any witness is biased or prejudiced regarding the Defendants or the case in any way. *United States v. Bagley*, 473 U.S. 667 (1985);

20.     Access to the personnel files of each law enforcement or intelligence agents who will testify in the case for:

a.      Evidence that any employee, agent, or contractor of any Government agency [federal, state, or local] involved at any time in

any investigation of any of the matters referenced in the indictment

has ever made a false statement or has a reputation for dishonesty.

*United States v. Calise*, 996 F.2d 1019, 1021 (9th Cir. 1993); *United*

*States v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991); *United States v.*

*Kiszewski*, 877 F.2d 210, 216 (2nd Cir. 1989) (in- camera review of

agent's personnel file necessary regarding bribery allegations); *See*

*also Kyles v. Whitley*, 514 U.S. 419, 436-38 (1995).

       b.     Evidence that any employee, agent, or contractor of any

Government agency [federal, state, or local] involved at any time in

any investigation of any of the matters referenced in the indictment

requested or received any consideration or benefit, including but

not limited to a cash award, a commendation, a promotion, or a

requested transfer, as a result of any of the matters referenced in

the indictment.

       c.     Evidence that any employee, agent, or contractor of any

Government agency [federal, state, or local] involved at any time in

any investigation of any of the matters referenced in the indictment

was the subject of any adverse action or detriment, including but

not limited to a reduction in pay, a negative entry in a personnel

file, a demotion, or an involuntary transfer, as a result of any of the

matters referenced in the indictment.

      21.     The names and addresses of all percipient witnesses interviewed by

the Government whom the Government does not intend to call at the trial. *United*

*States v. Cadet*, 727 F.2d 1453, 1469 (9th Cir. 1984).

PAGE 20 – FIRST MOTION FOR DISCOVERY

22.    The arrest and conviction record of each prospective Government witness. *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (criminal records of witnesses must be disclosed even if contained in witness's probation file), *cert. denied*, 109 S. Ct. 1170 (1989); *Perkins v. Lefevre*, 691 F.2d 616, 619-20 (2nd Cir. 1982); *United States v. Auten*, 632 F.2d 478, 481-82 (5th Cir. 1980).  To satisfy this request, the Government must search both national and local records.  *United States v. Perdomo*, 929 F.2d 967, 970-71 (3rd Cir. 1991).

a.    Any and all evidence that a criminal case has recently been dismissed against any prospective Government witness. *See United States v. Anderson*, 881 F.2d 1128, 1138-39 (D.C. Cir. 1989) ("prototypical form of bias").

b.    Any and all evidence that any prospective Government witness has any criminal charge pending against him.  *United States v. Fried*, 486 F.2d 201 (2nd Cir. 1973), *cert. denied*, 416 U.S. 983 (1975); *United States v. Maynard*, 476 F.2d 1170, 1174 (D.C. Cir. 1973) (Pending indictment relevant to bias and motive of witness).

c.    Any and all evidence that any prospective Government witness is under investigation or has been under investigation by federal or state authorities. *United States v. Chitty*, 760 F.2d 425, 428 (2nd Cir. 1985), *cert. denied*, 474 U.S. 945 (1985).

d.    Any and all evidence of an express or implicit understanding, deals, offers of immunity, special treatment while in custody, or of past, present, or future compensation between the Government or any of its agents and any prospective Government

witness or his agent.  *See Giglio v. United States*, 405 U.S. 150 (1972)

(agreement not to prosecute); *United States v. Schaffer*, 789 F.2d 682,

689 (9th Cir. 1986) (moneys paid for ongoing undercover

cooperation in another case); *United States v. Butler*, 567 F.2d 885,

889 (9th Cir. 1978) (prosecutor's "assurances" of future benefits);

*United States v. Risken*, 788 F.2d 1361, 1375 (8th Cir. 1986) (implied

contingent fees); *United States v. Edwardo-Franco*, 885 F.2d 1002, 1010

(2nd Cir. 1989) (earnings of informant in past cases); *United States v.

Partin*, 493 F.2d 750, 759 (5th Cir. 1974) ("protective" custody status,

per diem and special privileges).

   e.    Any and all evidence that any prospective witness has

applied for or requested from the Government any consideration or

benefit including but not limited to any plea bargain, dismissal of

any charge, sentence reduction or early parole, whether or not the

Government agreed to such a request.  *Reutter v. Solem*, 888 F.2d

578, 581 (8th Cir. 1989); *Brown v. Dugger*, 831 F.2d 1547, 1558 (11th

Cir. 1986).

   f.    Any and all evidence of any discussion about, or advice

concerning, any plea bargain or requested benefit between the

Government and any prospective witness.  *Haber v. Wainwright*, 756

F.2d 1520, 1523-24 (11th Cir. 1985) (Government "advice" to witness

must be disclosed); *Campbell v. Reid*, 594 F.2d 4, 7 (4th Cir. 1979)

(prosecutor's statement to the witness that he "would do the right

thing" must be disclosed to the defense even if the witness is

unaware of its exact meaning); *Dubose v. Lefevre*, 619 F.2d 973, 978-79 (2nd Cir. 1980) (same).

g.    Details concerning the full scope of any witness' past cooperation with the Government including but not limited to all moneys, benefits and promises received in exchange for cooperation, the full extent of the witness' assets, and the status of the witness' present and past income tax liability.  *United States v. Shafer*, 789 F.2d 682, 688-89 and n. 7 (9th Cir. 1988); *United States v. Eduardo-Franco*, 885 F.2d 1002, 1010 (2nd Cir. 1989) (evidence of past services highly relevant to bias and interest).

h.    All prior statements of any prospective witness relevant to his testimony or relevant to impeachment or bias of the witness. *See United States v. Tincher*, 907 F.2d 600, 602 (6th Cir. 1990) (reversible error for prosecutor to withhold grand jury testimony of witness that contradicted his trial testimony); *United States v. Brumel-Alvarez*, 991 F.2d 1452 (9th Cir. Sept. 1992) (informant's recantation of earlier statement).

i.    Any and all evidence that any prospective witness has made an inconsistent statement to the Government or any of its agents with respect to his or her proposed testimony.  *United States v. Isgro*, 974 F.2d 1091, 1099 (9th Cir. 1992) (although dismissal of indictment was not warranted, the court found "intolerable" misconduct where prosecutor failed to disclose prior grand jury testimony of witness which was inconsistent with his trial

PAGE 23 –  FIRST MOTION FOR DISCOVERY

testimony); *McDowell v. Dixon*, 858 F.2d 945, 949 (4th cir. 1988), *cert. denied*, 109 S. Ct. 1172 (1989) (reversible error to withhold victim's prior inconsistent statement to police about description of attacker); *Lindsey v. King*, 769 F.2d 1034, 1041-43 (5th Cir. 1985) (reversible error to withhold eyewitness' original statement to police that he could not identify assailant); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980) (contradictory statements of witness must be disclosed); *Powell v. Wiman*, 287 F.2d 275, 279-80 (5th Cir. 1961) (same); *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1202 (C.D. Cal. 1999) ("any variations in an accomplice witness's proposed testimony could be considered favorable to the defense and the existence of such differences should be disclosed under Brady").

j.      Any and all evidence that any prospective Government witness has made a statement inconsistent with or contradictory to any statement by any other person whether or not a prospective witness.  *United States v. Minsky*, 963 F.2d 870, 874-76 (6th Cir. 1992) (witness statement to FBI contradicted by third party); *Hudson v. Blackburn*, 601 F.2d 785, 789 (5th Cir. 1979) (statement of police officer refuting witness' statement that he identified Defendant at lineup); *United States v. Hibler*, 463 F.2d 455, 460 (9th Cir. 1972) (statement of police officer casting doubt on story of witness).

k.      Any and all evidence that a witness has engaged in crimes though he has not been convicted of those crimes.  *See United States v. Osorio*, 929 F.2d 753, 761 (1st Cir. 1991) (Government has

constitutional duty "to search for and produce impeachment information requested"); *Powell v. Wiman*, 287 F.2d 275, 279-80 (5th Cir. 1961) (admission of witness to prosecutor that he engaged in several crimes should have been disclosed); *See United States v. Boffa*, 513 F. Supp. 444, 500 (D.C. De. 1980) (prior bad acts of witness discoverable).

l.      Any and all evidence that any prospective Government witness has ever made any false statement to law enforcement authorities. *See United States v. Bernal-Obeso*, 989 F.2d 331, 337 (9th Cir. 1993); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (probation file listing instances of the witness lying to authorities); *Brumel-Alvarez, supra,* (DEA agent's disbelief of informant).

m.      Any and all evidence that any witness has a tendency to lie or exaggerate his testimony. *United States v. Brumel-Alvarez*, 991 F.2d 1452, 1458 (9th Cir. 1993) (DEA agent's negative view of informant's credibility); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (must disclose probation file of witness showing tendency to lie or overcompensate).

n.      Any and all evidence that any prospective witness consumed alcohol or drugs prior to witnessing or participating in the events that gave rise to his testimony. *See United States v. Butler*, 481 F.2d 531, 534-535 (D.C. Cir. 1973) (drug use impairs memory judgment and credibility); *See United States v. Burnside*, 824 F. Supp. 1215 (N.D. Ill. 1993).

PAGE 25 –  FIRST MOTION FOR DISCOVERY

o.     Any and all medical, psychological or psychiatric evidence tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired. *See Baily v. Rae*, 339 F.3d 1107, 1114-15 (9th Cir. 2003) (when consent was at issue, Government should have disclosed reports that developmentally delayed alleged victim knew the difference between appropriate and inappropriate touching); *United States v. Lindstrom*, 698 F.2d 1154, 1163-68 (11th Cir. 1983) (psychiatric records relevant to credibility); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980) (psychiatric records reflecting on the competency or credibility of witness); *Butler, supra*, 481 F.2d at 534-535 (drug use); *United States v. McFarland*, 371 F.2d 701, 705 (2nd Cir.) (prior hospitalizations of witness for mental illness), *cert. denied*, 387 U.S. 906 (1966); *Powell v. Wiman*, 287 F.2d 275, 279 (5th Cir. 1961) (same).

p.     Any and all evidence that a prospective Government witness is biased or prejudiced against the Defendants or has a motive to falsify or distort his testimony. *See United States v. Strifler*, 851 F.2d at 1202 (motive to inform discoverable, has a motive to lie, exaggerate or distort his testimony).

q.     Any and all evidence that a prospective Government witness has taken a polygraph examination and the result thereof. *See Carter v. Rafferty*, 826 F.2d 1299, 1305 (3rd Cir. 1987), *cert. denied*, 484

U.S. 1011 (1988); *United States v. Lynn*, 856 F.2d 430, 432-33 (1st Cir.

1988).

23.    Any and all evidence that someone other than the Defendants

committed, or was ever suspected of committing, the crime charged. *Brady v.*

*Maryland*, 373 U.S. 83 (1963) (statement of accomplice that he, not Defendant, did

actual shooting); *Miller v. Angliker*, 848 F.2d 1312, 1321-23 (2nd Cir. 1988)

(reversible error not to disclose evidence suggesting that person other than

Defendant committed murders), *cert. denied*, 109 S. Ct. 224 (1988); *Bowen v.*

*Maynard*, 799 F.2d 593, 613 (10th Cir. 1986) (reversible error not to disclose

existence of suspect who resembled Defendant), *cert. denied*, 107 S. Ct. 458 (1986);

*Walker v. Lockhart*, 763 F.2d 942 (8th Cir. 1985) (*en banc*) (due process violated

when police suppressed statement by prisoner arguably admitting that he

committed the shooting for which the Defendant was convicted), *cert. denied*, 106

S. Ct. 3332 (1986); *Sellers v. Estelle*, 651 F.2d 1074, 1076-77 (5th Cir. 1981) (failure to

disclose police reports suggesting guilt of another, reversible error); *James v. Jago*,

575 F.2d 1164, 1168 (6th Cir. 1978) (error not to disclose statement of witness not

mentioning Defendant).

24.    The name of any person, whether or not he/she will be a witness,

who could not identify the Defendants or was unsure of the Defendants' identity

or the Defendants' participation in the crime charged, and the content of any

such statement. *See Kyles v. Whitley*, 514 U.S. 419, 454 (1995) (reversible error not

to disclose evidence of misidentification by crucial witness); *James v. Jago*, 575

F.2d 1164, 1168 (6th Cir. 1978) (statement of eyewitness to crime which did not

mention Defendant must be disclosed); *Jackson v. Wainwright*, 390 F.2d 288, 298

(5th Cir. 1968) (prosecution must disclose statement of witness casting doubt on Defendant's identity); *United States v. Wilkins*, 326 F.2d 135, 138 (2nd Cir. 1964) (reversible error to fail to disclose names of two witnesses who said that the Defendant was not the bank robber after viewing him at police station).

      25.     Access to records or evidence tending to exculpate the Defendants in whole or in part or tending to mitigate punishment. *See Miller v. Pate*, 386 U.S. 1, 6 (1967) (evidence that clothing was covered with paint, not blood); *Brown v. Borg*, 951 F.2d 1011 (9th Cir. 1991) (evidence that victim not robbed before she was killed); *United States v. Spagnoulo*, 960 F.2d 990, 994 (11th Cir. 1992) (psychiatric report raising question as to Defendant's sanity and competence); *Hillard v. Spaulding*, 719 F.2d 1443 (9th Cir. 1983) (sperm sample); *United States v. Biberfeld*, 957 F.2d 98, 102-03 (3rd Cir. 1992) (corroborating Defendant's testimony and impeaching Government witness); *Walker v. Lockhart*, 763 F.2d 942 (8th Cir. 1985) (*en banc*) (transcript of prisoner conversation in which he arguably admitted crime for which Defendant on trial), *cert. denied* 106 S. Ct. 3332 (1986); *United States v. Poole*, 379 F.2d 648 (7th Cir. 1967) (medical exam showing no evidence of sexual assault); *Barbee v. Warden*, Maryland Penitentiary, 331 F.2d 842 (4th Cir. 1964) (ballistics report showing gun in evidence was not the assault weapon); *Ashley v. Texas*, 319 F.2d 80 (psychologist's report that Defendant was incompetent to stand trial); *United States v. Weintraub*, 871 F.2d 1257, 1264 (5th Cir. 1989) (sentence vacated where prosecutor failed to disclose testimony of co-conspirator which lessened amount of drugs attributable to the Defendant).

      26.     Any and all evidence mitigating the punishment of the Defendants whether or not the sentence is pursuant to the guidelines. *Brady v. Maryland*, 373

U.S. 83 (1963) (accomplice statement that he, not Defendant, was actual shooter mitigates punishment of Defendant); *United States v. Weintraub*, 871 F.2d 1257, 1264 (5th Cir. 1989) (guideline sentence vacated where prosecutor failed to disclose testimony of co-conspirator which lessened amount of drugs attributable to Defendant); *Lewis v. Lane*, 832 F.2d 1446 (7th Cir. 1987) (evidence that Defendant not validly convicted of prior which made him death eligible).

27.    The commencement and termination date of the grand jury that indicted the Defendants. *In Re Grand Jury Investigation*, 903 F.2d 180, 182 (3rd Cir. 1990); *See In Re Special Grand Jury (for Alaska)*, 674 F.2d 778 (9th Cir. 1982) (Defendant and public may have access to ministerial records of the grand jury); *Spagnoulo*, 960 F.2d 994 (psychiatric report).

28.    The number (not names) of grand jurors attending each session of the grand jury and the number of grand jurors (not names) voting to indict. *See United States v. Leverage Funding Systems, Inc.*, 637 F.2d 645, 649 (9th Cir. 1980) (prerequisites to valid indictment are that "every grand jury session was attended by at least 16 jurors" and that "at least 12 jurors vote to indict."); *United States v. Alter*, 482 F.2d 1016, 1029 n. 21 (9th Cir. 1973) (ministerial matters like court's legal instructions to grand jury must be disclosed).

29.    The name of every prospective Government witness to be called at trial. *See Arizona v. Manypenny*, 672 F.2d 761, 765 (9th Cir. 1982) (court has inherent authority to order discovery of names of witnesses); *United States v. Armstrong*, 621 F.2d 951, 954-55 (9th Cir. 1980); *cf. United States v. Tucker*, 716 F.2d 576, 583 (9th Cir. 1983) (ineffective assistance of counsel to fail to interview Government witnesses before trial); *Callahan v. United States*, 371 F.2d 658, 660

PAGE 29 – FIRST MOTION FOR DISCOVERY

(9th Cir. 1967) ("both sides have right to interview witnesses before trial").  The Government is requested to seek the above information from each federal and state agency involved in this case. *United States v. Osorio*, 929 F.2d 753 (1st Cir. 1991); *United States v. Bryan*, 868 F.2d 1032, 1036-37 (9th Cir. 1989).

II.    LEGAL DISCUSSION

   A.    The Prosecutor Has A Duty Of Inquiry

The prosecutor is requested to make personal and specific inquiry of each Government agent and agency in any way connected to the case for each of the above items, even if the agent or agency is outside the District of Oregon. *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the Government's behalf in the case, including the police"); *United States v. Alvarez*, 86 F.3d 901, 905 (9th Cir. 1996) ("the better practice is for the prosecutor herself to review [surveillance notes for *Brady* Materials]"); *United States v. Wood*, 57 F.3d 733, 737 (9th Cir. 1995) (prosecutor has duty to consult with FDA for *Brady* material; *United States v. Bryan*, 868 F.2d 1032, 1036-37 (9th Cir. 1989) (prosecutor deemed to have knowledge of, and access to, anything in possession, custody or control of any federal agency evidence if outside district of prosecution); *United States v. Santiago*, 46 F.3d 885, 893-894 (9th Cir.) (Government has access to Bureau of Prisons files on inmates). But the FDA did. For *Brady* purposes, the FDA and the prosecutor were one."). *United States v. Colima-Monge*, 962 F. Supp. 1337, 1341 (D. Or. 1997) (documents held by an interjurisdictional agency deemed within the possession, custody, or control of the federal Government). "[T]he prudent prosecutor will resolve doubtful questions in favor of disclosure." *Kyles*, 514 U.S. at 439 (quoting *United States v. Agurs*, 427 U.S. 97, 108 (1976)); *Carriger v. Stewart*, 132 F.3d 463, 479-80

(9th Cir. 1997) ("the prosecution has a duty to learn of any exculpatory evidence known to others acting on the Government's behalf").

See also Demjanjuk v. Petrovsky, 10 F.3d 338, 353 (6th Cir. 1994) (in not disclosing exculpatory evidence, Government perpetrated fraud on the court by making a "the-right- hand-did-not-know-what-the-left-hand-was-doing argument"); United States v. Osorio, 929 F.2d 753, 762 (1st Cir. 1991) ("the prosecutor is duty bound to demand compliance with disclosure responsibilities by all relevant dimensions of the Government"); United States v. Perdomo, 929 F.2d 967, 969-971 (3rd Cir. 1991) (United States Attorney responsible for locating criminal record in local jurisdiction as well as NCIC records); United States v. Endicott, 869 F.2d 452 455-56 (9th Cir. 1989) (knowledge of additional payments to witness imputed to prosecutor); United States v. Butler, 567 F.2d 885, 891 (9th Cir. 1978) (prosecutor responsible for promise by agent even if prosecutor did not know of it); United States v. Bailleux, 685 F.2d 1105, 1113 (9th Cir. 1982) (tape in custody of F.B.I. is deemed in custody of U.S. Attorney), receded from on other grounds by United States v. Miller, 874 F.2d 1255 (9th Cir. 1989); United States v. Brooks, 966 F.2d 1500, 1503 (D.C. Cir. 1992) (prosecutor must search police files for information affecting credibility of police officer who was key witness and who, after first trial, was found shot in her apartment with revolver in presence of another police officer); United States v. Auten, 632 F.2d 478, 481 (5th Cir. 1980) (information in filed of federal agency is deemed in possession of prosecutor); United States v. Jackson, 780 F.2d 1305, 1308 n. 2 (7th Cir. 1986) (FBI's knowledge attributable to prosecutor); Martinez v. Wainwright, 621 F.2d 184, 186-87 (5th Cir. 1980) (rap sheet in medical examiner's file is deemed in custody of prosecution); Barbee v. Warden, Md. Penitentiary, 331 F.2d 842, 846 (4th Cir. 1964) (exculpatory ballistics report known only to police deemed in possession

PAGE 31 – FIRST MOTION FOR DISCOVERY

of prosecutor); *United States v. McCord*, 509 F.2d 334, 342 n.14 (D.C. Cir. 1975) (*en banc*) ("prosecution" includes "all agencies of the federal Government involved in any way" in the case).

     B.     <u>The Prosecutor Has A Duty Of Continuing Discovery</u>

     The Government has a continuing duty to disclose the foregoing evidence as soon as the Government or any of its agents discovers its existence. *See Mooney v. Holohan,*

294 U.S. 103, 108 (1935) (prosecutor must disclose that witness had committed perjury even when he first learns this at trial); *United States v. Chestang*, 849 F.2d 528, 532 (11th Cir. 1988) (continuing duty to disclose breached when prosecutor did not disclose fact that witness would soon accept immunity offer).

     The Ninth Circuit does not hesitate to "condemn" any prosecutorial breach of trust respecting its duty to disclose arguably favorable evidence. *United States v. McClintock*, 748 F.2d 1278, 1285 (9th Cir. 1984). Any doubt about the need to disclose such evidence must be resolved "in favor of disclosure." *United States v. Ramirez*, 608 F.2d 1261, 1266 n.6 (9th Cir. 1979); *Kyles v. Whitley*, 514 U.S. 419, 439 (1995); *United States v. Agurs*, 427 U.S. 97, 108 (1976).

     The duty to disclose encompasses even those documents and statements the defense might already have. *Gantt v. Roe*, 389 F.3d 908, 913 (9th Cir. 2004) ("Though defense counsel could have conducted his own investigation, he was surely entitled to rely on the prosecution's representation that it was sharing the fruits of the police investigation."); *United States v. Howell*, 231 F.3d 615, 625 (9th Cir. 2000) ("[t]he availability of particular statements through the Defendant himself does not negate the Government's duty to disclose").

PAGE 32 – FIRST MOTION FOR DISCOVERY

Disclosure is required even if, in the Government's view, the evidence is not admissible at trial. *Spence v. Johnson*, 80 F.3d 989, 1005 n.14 (5th Cir. 1996). *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1201 (C.D. Cal. 1999) (*Brady* requires "the disclosure of information that is likely to result in admissible evidence that would give the jury a court a more complete basis for judging guilt or punishment").

Should the prosecutor have a good faith doubt whether evidence should be disclosed, he or she is required to ask the court for an in camera review. *See United States v. Scafe*, 822 F.2d 928, 936 (10th Cir. 1987)(good faith belief that Defendant's statements not discoverable does not excuse failure to disclose); *United States v. Lehman*, 756 F.2d 725, 729 (9th Cir. 1985) (prosecution must either disclose the material or submit it to the court); *United States v. Cadet*, 727 F.2d 1453, 1470 (9th Cir. 1984) ("This unfortunate contretemps could have been avoided had the United States Attorney's Office been willing to produce all *Brady* and Rule 16 material in a timely manner and to submit material as to which there was any doubt for in camera review.").

RESPECTFULLY SUBMITTED this 28th day of April, 2011.


  /s/ Marc Blackman                           /s/ Lawrence Matasar
Marc Blackman                              Lawrence Matasar
OSB No. 73033                              OSB No. 74209
Telephone:  (503) 228-0487                 Telephone: (503) 222-9830

Attorneys for Defendants

PAGE 33 – FIRST MOTION FOR DISCOVERY