DWIGHT C. HOLTON, OSB #090540
United States Attorney
District of Oregon
FRANK R. PAPAGNI, JR., OSB #762788
Assistant United States Attorney
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone: (541) 465-6771
Facsimile: (541) 465-6917
frank.papagni@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 10-CR-60066-HO |
| | ) |
| Plaintiff, | ) **UNITED STATES' OPPOSITION** |
| | ) **TO DEFENDANTS' MOTION FOR** |
| v. | ) **CHANGE OF VENUE AND** |
| | ) **EVIDENTIARY HEARING** |
| STEVEN DWIGHT HAMMOND, | ) **(Supplemental Pleading)** |
| DWIGHT LINCOLN HAMMOND, JR. | ) |
| | ) |
| Defendants. | ) |

The United States of America, by and through Dwight C. Holton, United States Attorney for the District of Oregon and Frank R. Papagni, Jr., Assistant United States Attorney, respectfully submits a supplemental pleading in opposition to Defendants' motions for change of venue and request for oral argument. Trial in this matter is currently scheduled for October 5, 2011.

# INTRODUCTION

On March 21, 2011, Defendants filed a Rule 18 motion to change the trial location from Eugene to Pendleton, Oregon, and requested an evidentiary hearing (CR 12). Fed.R.Crim.Proc. 18. The government argued Rule 18 factors favored trial in Eugene and an evidentiary hearing was unnecessary (CR 14).

Oregon's Chief Judge allowed Defendants' motion for disclosure by county of prospective jurors from the Eugene and Pendleton divisions (CR 16, 20). On April 27, 2011, this Court denied Defendant's motion for an evidentiary hearing and provided 14 days for the parties to submit additional briefing (CR 17).

On May 10, 2011, Defendants filed a supplemental memorandum in support of their motion and request for oral argument. This is the government's timely response in opposition to the motion and the need for oral argument.[1]

# RULE 18 FACTORS

Rule 18 states in pertinent part that: " * * * The court must set the place of trial within the district with due regard for *the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice*." Fed.R.Crim.P. 18 (italics supplied).

---

[1] Pursuant to this Court's order, additional pleadings were to be filed by May 11, 2011.

## JURY WHEELS

Defendant's Exhibits 4 and 5 are the District of Oregon's April 2011 "Master Jury Wheels."

In the Eugene Jury Division, about 51% of the jurors are drawn from Marion and Lane counties, and 49% from the remaining six counties. *Def. Ex. 5.* In the Pendleton Jury Division, less than 5% of the jurors are drawn from Harney County and slightly more than 16% of the jurors come from the adjoining Grant and Malheur counties. *Id.*

## APPLICABLE LAW

A criminal defendant has the right to a trial by any impartial jury, but does not have a constitutional or statutory right to a trial in a specific division within the district where the crime was committed. *United States v. Wipf*, 397 F.3d 677, 686 (8th Cir. 2005) (*quoting United States v. Davis*, 785 F.2d 610, 616 (8th Cir. 1986); *In re Chesson*, 897 F.2d 156, 158-59 (5th Cir. 1990); *United States v. Florence,* 456 F.2d 46, 50 (4th Cir. 1972).

The location of intra-district criminal trials are controlled by Rule 18 of the Federal Rules of Criminal Procedure. *United States v. Scholl*, 166 F.3d 964, 969-70 (9th Cir. 1999). "In deciding the place of trial within the district the court must balance

the statutory factors of the convenience of the defendant and witnesses with the prompt administration of justice." *In re Chesson*, 897 F.2d at 159.

## ARGUMENT

### Introduction

Defendants' supplemental exhibits do not effect an evaluation of the Rule 18 factors. The exhibits are used by Defendants to speculate that perhaps 51% of the jurors from the Eugene Division (Marion and Lane counties) might be such urbanites that they would deny Defendants of their Sixth Amendment right to an impartial jury.

The government maintains a balanced analysis of all the Rule 18 factors favors the trial remaining in Eugene. Defendants' motion is motivated by having jurors more favorably disposed toward their defense, and not by a concern they will be denied an impartial jury. Oral argument is not needed because this Court has adequate information and pleadings to rule.

### Rule 18 Factors Not Addressed by Defendants

Defendants continue their claim "it would be an abuse of discretion" for this Court "to deny their Motion for Trial in the Pendleton Divsion." *Def. Supp. Mot. at 5*. This claim is overstated for if this Court gives due regard to the Rule 18 factors when ruling, it can be overruled only if Defendants can prove abuse of discretion or prejudice. *United States v. Scholl*, 166 F.3d 964, 969 (9th Cir. 1999); *United States v.*

›

*Davis*, 785 F.2d 610, 616 (8th Cir. 1986).

Here, Defendants have first failed to address how driving the additional 60 miles they and their unidentified witnesses will have to drive to the courthouse in Eugene as opposed to the one in Pendleton constitutes an "undue hardship" and would "prejudice" their defense by significantly delaying the trial. They have not acknowledged that a Eugene trial location would be an additional 99 miles closer for Defendants' attorneys, and if adverse weather make driving conditions difficult for Defendants and their witnesses, there would be daily flights available from Redmond to Eugene, but not to Pendleton.

Next, Defendants' have not shown what constitutional or statutory right they have to have jurors summoned *from a particular division of the state and district* where the crime was committed. *United States v. Herbert*, 698 F.2d at 984(affirming denial of a Native American defendant's Rule 18 motion to transfer his trial to a place where the jury pool would have a higher percentage of Native Americans).

Third, after agreeing that the case was so complex they required nine months to prepare for a minimum two-week trial, they still have not discussed the capabilities and facilities the Eugene and Pendleton courtrooms possess to promptly litigate such a lengthy and complex case (CR 6, 11). *See United States v. Truglio*, 731 F.2d 1123, 1130 (4th Cir. 1984)(court's facilities and ability to try lengthy complex case part of

PAGE 5 - GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR CHANGE OF VENUE AND EVIDENTIARY HEARING (Supplemental Pleading)

Rule 18 analysis). If such a discussion existed in their supplemental pleadings, they would have candidly concluded the facilities at the Eugene courthouse are far more capable to promptly and efficiently try this case than those at the Pendleton courthouse.

Finally, nothing in Defendants' supplemental memorandum undermines the fact that after consideration of all the Rule 18 factors, the judicial facilities in Eugene will enable the parties and court to efficiently litigate this complex case and will benefit Defendants, their family and witnesses by significantly reducing the length of trial.

## **CONCLUSION**

Based on the foregoing, Defendants' motions to transfer the trial and for oral argument should be denied.

DATED this 10th day of May, 2011.

                                         Respectfully submitted,

                                         DWIGHT C. HOLTON
                                         United States Attorney

                                         */s/ Frank R. Papagni, Jr.*
                                         FRANK R. PAPAGNI, JR.
                                         Assistant United States Attorney